# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

TRAVISE HULEY,                :
                              :
      Plaintiff,         :
VS.                           :
                              :  NO. 5:18-CV-00079-MTT-CHW
JOHN AND OR JANE DOES,        :
                              :
      Defendants.       :
_____ :

## ORDER

*Pro se* Plaintiff Travise Huley, a prisoner currently confined at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed without prepayment of the full filing fee (ECF No. 2). For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* will be **GRANTED**, but Plaintiff is required to supplement his Complaint if he wishes to proceed with his claims.

    **I.**    **Motion to Proceed *In Forma Pauperis***

28 U.S.C. § 1915 allows the district courts to authorize the commencement of a civil action without prepayment of the normally-required fees upon a showing that the plaintiff is indigent and financially unable to pay the filing fee. A prisoner seeking to proceed *in forma pauperis* ("IFP") under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." § 1915(a)(1)-(2).

In this case, Plaintiff's pauper's affidavit and trust account statement show that he is currently unable to prepay the Court's filing fee. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED** and Plaintiff will be assessed an initial partial filing fee of $0.00. Plaintiff, however, is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. It is accordingly requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's Complaint (or any part thereof) is dismissed prior to service.

A. <u>Directions to Plaintiff's Custodian</u>

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of

Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B. Plaintiff's Obligations Upon Release

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**II.   Order to Supplement**

Because Plaintiff is a prisoner seeking redress from a government entity, official, or employee, and because he is proceeding *in forma pauperis*, his Complaint must be screened to determine whether it states a colorable claim for relief. *See* 28 U.S.C. § 1915A(a), 1915(e). Presently, Plaintiff's Complaint fails to state a colorable constitutional claim. Plaintiff is therefore **ORDERED** to supplement his Complaint as directed below.

According to Plaintiff's Complaint, on January 25, 2018, Plaintiff asked a jail official named "Gunsmoke" to call the local courthouse to ensure that Plaintiff's case would be placed on the court's docket. Compl. 5, ECF No. 1. When "Gunsmoke"

refused, Plaintiff requested to speak to the new captain. *Id.* Rather than contact the captain, "Gunsmoke" "called in 4-5 road officers" who "rushed [Plaintiff] into B dorm." *Id.* Plaintiff alleges that one of the officers "punched [him] in the face," and other officers choked him, tazed him, and beat him while he was on the ground. *Id.* Plaintiff states he "never once posed a threat" to the officers and that he suffered various injuries as a result of the unprovoked attack. *Id.*

The Court will require additional information to determine whether Plaintiff's allegations state a claim upon which relief may be granted. The only named Defendants in this case are "Wilkinson County Sheriffs Deputies." *See* Compl. 1, ECF No. 1. Generally speaking, Plaintiff must name each individual defendant he wishes to sue. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (holding that "fictitious party pleading is not permitted in federal court"). The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)). Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216. Plaintiff has failed to provide a description of the deputies who allegedly attacked him sufficient to identify those deputies for service of process.

Because Plaintiff is acting *pro se*, the Court will give Plaintiff an opportunity to amend his pleading to address this deficiency. *See Duff v. Steub*, 378 F. App'x 868, 872

4

(11th Cir. 2010) (per curiam) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). If Plaintiff wishes to pursue his claims, then he is **ORDERED** to supplement his Complaint by including as much information as he can describing the deputies who injured him. Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to supplement his Complaint as described herein. **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's Complaint.** Plaintiff must also immediately inform the Court in writing of any change in his mailing address. There will be no service of process in this case until further order.

      **SO ORDERED**, this 8th day of May, 2018.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge